MANDOUR & ASSOCIATES, APC
JOSEPH A. MANDOUR, III (SBN 188896)
Email: jmandour@mandourlaw.com
GORDON E. GRAY (SBN 175209)
Email: ggraay@mandourlaw.com
BEN T. LILA (SBN 246808)
Email: blila@mandourlaw.com
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone: (858) 487-9300
Attorneys for plaintiff and Counter-Defendant,
Alkam Home Fashion, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alkam Home Fashion, Inc., a California corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Legacy Decor, a California corporation,<br><br>　　　　Defendant.<br><br>Legacy Decor, a California corporation,<br><br>　　　　Counterclaimant,<br><br>　v.<br><br>Alkam Home Fashion, Inc., a California corporation,<br><br>　　　　Counter-Defendant. | **Civil Case No. 8:23-cv-01177-DOC-AJRx**<br><br>**COUNTER-DEFENDANT ALKAM HOME FASHION, INC.'S REPLY TO THE COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL** |

Pursuant to Rules 8, 12 and 38 of the Federal Rules of Civil Procedure, Counter-Defendant Alkam Home Fashion, Inc. hereby answers the counterclaim of Counter-claimant Legacy Decor and demands a jury trial as follows:

## JURISDICTION

1. Counter-Defendant alleges the allegations of paragraph 1 of the Counterclaim are statements of law to which no response is required. Notwithstanding the foregoing, Counter-Defendant admits the Court has subject matter jurisdiction.

2. Counter-Defendant alleges the allegations of paragraph 2 of the Counterclaim are statements of law to which no response is required. Notwithstanding the foregoing, Counter-Defendant admits the Court has personal jurisdiction over Counter-Defendant.

3. Counter-Defendant alleges the allegations of paragraph 3 of the Counterclaim are statements of law to which no response is required. Notwithstanding the foregoing, Counter-Defendant admits venue is proper.

## PARTIES

4. Counter-Defendant lacks sufficient knowledge and information to respond to the truth or the falsity of the allegation in paragraph 4 of the complaint and, on that basis, denies said allegations.

5. Admit.

## GENERAL ALLEGATIONS

6. Counter-Defendant admits the First Amended Complaint speaks for itself.

7. Admit.

8. Counter-Defendant alleges the allegations of paragraph 8 of the Counterclaim are alleged statements of law to which no response is required. To the extent the allegations of paragraph 8 are factual in nature, Counter-Defendant denies said allegations.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Admit.

14. Admit.

15. Admit.

16. Counter-Defendant admits its complaint to Amazon.com speaks for itself.

17. Counter-Defendant admits its complaint to Amazon.com speaks for itself.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

## **FIRST CLAIM OF RELIEF**

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

## **SECOND CLAIM OF RELIEF**

28. Counter-Defendant alleges the allegations of paragraph 28 of the Counterclaim are statements of law to which no response is required.  To the extent the allegations of paragraph 28 are factual in nature, Counter-Defendant denies said allegations.

29. Denied.
30. Denied.
31. Denied.
32. Denied.
33. Denied.
34. Denied.

## THIRD CLAIM OF RELIEF

35. Denied.
36. Denied.
37. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense: Estoppel and Laches

The purported claims alleged in the Counterclaim are barred, in whole or in part, because counterclaimant, by its acts, omissions and delay, failed to take action within a reasonable time.

### Second Affirmative Defense: Waiver and Acquiescence

The purported claims alleged in the Counterclaim are barred, in whole or in part, because Counterclaimant, by its acts, omissions and delay, and those of its agents, waived or acquiesced to any claims or causes of action against Counter-Defendant.

### Third Affirmative Defense: Failure to Mitigate Damages

The purported claims alleged in the Counterclaim are barred, in whole or in part, because Counterclaimant failed to mitigate its alleged damages.

### Fourth Affirmative Defense: Lack of Damages

The purported claims alleged in the Counterclaim are barred, in whole or in part, due to Counterclaimant's lack of damages.

### Fifth Affirmative Defense: Lack of Proximate Cause

The purported claims alleged in Counterclaim are barred, in whole or in part, because counter-defendant was not a proximate cause to Counterclaimant's damages, if any.

### Sixth Affirmative Defense: Preemption

The purported claims alleged in Counterclaim are barred, in whole or in part, because some or all of the counterclaims are preempted by federal law.

### Seventh Affirmative Defense: Damages Barred

The purported claim of damages alleged in Counterclaim is barred as a matter of law as non-restitution damages are not recoverable pursuant to Cal. Bus. & Prof. Code section 17200.

### Eighth Affirmative Defense: Privilege

The purported claims alleged in Counterclaim are barred, in whole or in part, because Counter-Defendant's conduct was privileged.

### Reservation of Additional Defenses

Counter-Defendant reserves all affirmative defenses available under Rule 8(c) and Rule 12 of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may be available now or may become available in the future based on discovery or any other factual investigation in this case, or that may be asserted by Counterclaimant.

# **PRAYER FOR RELIEF**

WHEREFORE, Counter-Defendant requests entry of judgment in his favor and against Counterclaimant as follows:

    a. Denying all relief sought by Counterclaimant;

    b. Awarding Counter-Defendant its attorneys' fees pursuant to 17 U.S.C. §505 or any other related law; and,

    c. Such other and relief as the Court deems just and appropriate.

Respectfully submitted,

Date: November 13, 2023    MANDOUR & ASSOCIATES, APC

/s/ Ben T. Lila
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for plaintiff and Counter-Defendant,
Alkam Home Fashion, Inc.

## DEMAND FOR JURY TRIAL

Counter-Defendant hereby demands a trial by the jury on its claims herein and all issues and claims so triable in this action.

Respectfully submitted,

Date: <u>November 13, 2023</u>     MANDOUR & ASSOCIATES, APC

     <u>/s/ Ben T. Lila</u>
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for Plaintiff and Counter-Defendant,
Alkam Home Fashion, Inc.